UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH J. PHELAN,

                       Plaintiff,

                v.

HERSH, C.O. Mt. McGregor Correctional Facility;
*et al.*,

                       Defendants.

9:10-CV-0011
(GLS)(RFT)

_____

APPEARANCES:

KENNETH J. PHELAN
09-A-1183
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

# DECISION and ORDER

## I. Background

      Plaintiff Kenneth J. Phelan, who is currently incarcerated at Collins Correctional Facility, commenced this action by filing a civil rights Complaint, together with an application to proceed *in forma pauperis*. Dkt. Nos. 1, 2. Phelan has also filed a motion for injunctive relief. Dkt. No. 4.

      In his Complaint, Phelan alleges, among other things, that defendants retaliated against him for filing grievances and complaints, denied him mental health treatment in deliberate indifference to his serious medical needs, denied him due process, discriminated against him on account of his disability,

harassed him, issued him false misbehavior reports, and denied him the right to file grievances in violation of his constitutional rights. For a more complete statement of Phelan's claims, refer to the Complaint.

## II.   Initial screening

Because Phelan sets forth sufficient economic need, the Court finds that Phelan may properly commence this action *in forma pauperis*. Dkt. No. 2.

Having found that Phelan meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in

a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy,

C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly v. Bell Atlantic Corp.*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S.Ct. at 1949 (citing Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Allegations which "are so vague as to fail to give the

4

defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, No. 08-0102-cv, 2009 WL 1762856, at *1 (2d Cir. Jun. 23, 2009).

With the above standards in mind, the Court will review Phelan's Complaint.

### A. Harassment and false disciplinary reports

Allegations of verbal harassment are insufficient to support a § 1983 claim. *Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ( "allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged.")); *see also Hendricks v. Boltja*, 20 Fed. Appx. 34, 36 (2d Cir. 2001) (holding that "verbal harassment was not actionable" in case where officer, *inter alia*, told inmate to "get [his] black ass out of the library" and threatened to "smash [his] head open"); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under ... § 1983 ").

Additionally, the mere allegation that a defendant filed false disciplinary charges is insufficient to state a claim for the violation of a plaintiff's rights.  "[A]

5

prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citation omitted).

Since the only allegations in the Complaint against defendant Ramond are that she threatened or harassed Phelan and issued Phelan a false misbehavior report (*see* Dkt. No. 1 at ¶ 13), Phelan has failed to state a claim against Ramond. Ramond is therefore dismissed as a defendant **without prejudice**. Additionally, to the extent that Phelan alleges that any other defendant verbally harassed Phelan, those claims of harassment are also dismissed **without prejudice**.

### B. Loss of good time

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Id.* at 487 (internal citation omitted).[1] Moreover, the *Heck* Court directed that "when a state

---

[1] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

6

prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff **would necessarily imply the invalidity of his conviction or sentence**; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis added).  Conversely, where the § 1983 action even if successful will *not* demonstrate that invalidity of any outstanding criminal judgment or prison disciplinary determination against the plaintiff, the court should allow the action to proceed.  *See id.* (footnote omitted).

> The rule announced in *Heck v. Humphrey* thus applies whenever a prisoner challenges the fact or length of his conviction or sentence. This includes situations in which an inmate challenges the denial of "good time" credits, where such denial impacts the duration of his confinement. *See Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997); *Higgins v. Coombe,* 95 Civ. 8696(RCC), 1999 U.S. Dist. LEXIS 17197, at *10 (S.D.N.Y. Sep. 24, 1999).

*Odom v. Pataki*, No. 00 Civ. 3727, 2001 WL 262742, at *3-4 (S.D.N.Y. Mar. 15, 2001).

In *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006), the Second Circuit ruled that *Heck*'s "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions," i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement . . . ." *Id.* at 104. The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his

conditions of confinement without satisfying the favorable termination rule, *but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*" *Id.*

In this case, Phelan was subjected to "mixed sanctions"[2] as a result of the disciplinary hearing conducted by defendant Fletcher on April 24, 2009[3] because he was not only confined in SHU and subjected to loss of privileges, but also lost good time. Dkt. No. 1 at ¶ 21. Phelan has not demonstrated that this determination has been invalidated; in fact he states that, on appeal, the outcome of the April 24, 2009 hearing was affirmed. *Id.* at ¶ 23. When, as here, an inmate brings a "mixed sanction" claim, the district court must provide the inmate with the option to "waive all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement." *McEachin v. Selsky*, 225 Fed. Appx. 36, 37 (2d Cir. 2007). Therefore based on *Peralta* and *McEachin*, if Phelan is willing to forever forego a challenge to the loss of good time arising from the April 24, 2009 disciplinary hearing conducted by defendant Fletcher, he may proceed with his due process challenge to the SHU confinement and the

---

[2] A sentence containing mixed sanctions is one in which the inmate is confined in SHU or loses privileges, and also loses good time.

[3] This hearing originally began on April 17, 2009 but was adjourned until April 24, 2009. Dkt. No. 1 at ¶¶ 19 and 21.

8

loss of privileges arising from that hearing.

Accordingly, the Court directs Phelan to advise the Court in writing, **within thirty (30) days** of the filing date of this Order, whether he:

> (1) waives **for all times** his present and any future due process claims challenging the loss of good time credits arising from the April 24, 2009 disciplinary hearing conducted by defendant Fletcher. If Phelan chooses this option, this Court will direct service of his complaint with respect to his due process claims against defendant Fletcher relating to SHU confinement and loss of privileges as a result of that hearing;[4] **OR**

> (2) chooses **not** to waive his due process claims challenging the loss of good time credits arising from the April 24, 2009 disciplinary hearing conducted by defendant Fletcher. If Phelan chooses this option, the Court will dismiss his due process claims against Fletcher with respect to the April 24, 2009 hearing without prejudice. Phelan may bring a new § 1983 case alleging these due process claims once he can demonstrate that the loss of good time credits has been invalidated by a state court or other tribunal.

Phelan is advised that if he fails to notify the Court of his decision within thirty days, the Court will follow option number 2 and Phelan's due process claims against Fletcher arising from the April 24, 2009 disciplinary hearing will be dismissed without prejudice.

### C.    Dr. Bangsil and Nurse Amborlosi

Phelan's Complaint references actions taken by Dr. Bangsil and nurse

---

[4] Of course, the Complaint will also be served with respect to the other claims and defendants that have not otherwise been dismissed by this Order.

9

Amborlosi at Gowanda Correctional Facility in September 2009.  Dkt. No. 1 at ¶ 39.  Phelan does not however include either Dr. Bangsil or nurse Amborlosi in the caption or listing of defendants, nor does Phelan seek any type of relief from Dr. Bangsil or nurse Amborlosi in his Complaint.  *See* Dkt. No. 1 at 1-5 and 23-26.  **The Court will not consider either Dr. Bangsil or nurse Amborlosi parties to this action**.[5]  In any event, since Dr. Bangsil and nurse Amborlosi and all claims against them arose at Gowanda, which is in the Western District of New York, should Phelan wish to file claims against them pursuant to section 1983, the claims would be more properly filed in the Western District.

### D.   Conclusion

For the reasons set forth above, defendant Regan is dismissed **without prejudice**. Additionally, all of Phelan's claims of verbal harassment by any defendant are **dismissed without prejudice**. The Complaint is otherwise accepted for filing[6] as to the remaining claims and defendants with the following limitation: **Before the Complaint will be served, Phelan must advise the Court whether he wants to forever waive his right to challenge the loss of**

---

[5] Phelan has filed a **virtually identical** complaint in another action in this District which does include Dr. Bangsil and nurse Amborlosi in the caption and listing of defendants and **does** seek relief from them.  *See Phelan v. Thomas, et al.*, 9:10-CV-0012 (DNH/RFT).  The claims in that action are brought solely pursuant to the Americans with Disabilities Act.

[6] The Court takes no position on the merits of the remaining claims at this time.

10

**good time arising from his April 24, 2009 hearing before defendant Fletcher, as more fully set forth in Section II.C., above.**

### III.     Motion for injunctive relief

Phelan has also submitted a motion for injunctive relief. Dkt. No. 4. Phelan seeks a court order directing defendants to: (1) transfer him to Marcy Correctional Facility "within 5 days;" (2) schedule an appointment for him with a psychiatrist at Marcy "within 5 days" of Phelan's arrival at Marcy so that he can receive a psychiatric evaluation; (3) "vacate the remaining S.H.U. time and loss of privleges [*sic*] and expunge from Plaintiff's record and refund all surcharges;" (4) give Phelan "full priority access" to the law library seven days a week, six hours a day; and (5) give Phelan "unlimited legal copys [*sic*] without delay or question even though Plaintiff has no money in his account." Dkt. No. 4 at 2. Phelan also seeks a court order directing that he shall be provided with (1) unlimited legal copies "whereever [*sic*] Plaintiff is housed, on an advance funds basis" and (2) "full access to all legal books and materials in law library" within twenty-four hours of his request. *Id.* at 5.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits

11

of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the ... merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) (per curiam)).

> In some circumstances, an even higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success where (1) the injunction sought "will alter, rather than maintain, the status quo"- *i.e.,* is properly characterized as a "mandatory" rather than "prohibitory" injunction; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits."

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citing *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.,* 60 F.3d 27, 33-34 (2d Cir. 1995)). The same standards govern consideration of an application for a temporary restraining order. *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007)).

"The Second Circuit has defined 'irreparable harm' as 'certain and

imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 (2d Cir.2003)); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)).  Speculative, remote or future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages."). In the context of medical care claims, a "[p]laintiff must therefore show that he has a medical condition which is likely to become significantly worse without some definite course of treatment."  *Garcia v. Arevalo,* No. 93 CIV. 8147*,* 1994 WL 383238, at *1 (S.D.N.Y. Jun. 27, 1994).

    Reading Phelan's motion with great liberality, to the extent that he claims that he is being denied mental health treatment in deliberate indifference to his

Eighth Amendment rights or that he is being denied access to the courts, Phelan has **alleged** that he **may** suffer irreparable harm should his motion be denied. *See Jolly v. Coughlin*, 76 F.3d at 482; *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.") (citation omitted).

**A.     Mental health treatment**

Phelan seeks a court order directing that he receive a psychiatric evaluation and "the mental health support he needs." Dkt. No. 4 at 2. However, a party is not entitled to injunctive relief unless there is proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Phelan has failed to submit **proof or evidence** which meets this standard. Phelan has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted. Phelan's allegations that he requires and is not receiving mental health care, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for

the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Additionally, since defendants have not yet answered, and, indeed, have not even been served in this action, the Court cannot ascertain Phelan's likelihood of success.

**B.     Transfer to Marcy**

Phelan also requests his immediate transfer to Marcy and further asks that he be permanently housed there during his incarceration. Dkt. No. 4 at 2. The law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543, 2547 (1976) (New York state prisoners have no right to incarceration at a particular prison facility); *Klos v. Haskell*, 835 F. Supp. 710, 723 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995) (citing cases). Moreover, DOCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998); *see also Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the

states").  Thus, there is no legal basis for this Court to order Phelan's transfer to another facility.

## C.     Free copies/unlimited access to legal materials

Finally, Phelan asks for a court order granting him unlimited copies of legal documents, regardless of whether he can pay for them or not, and unlimited access to the law library and legal materials.  Dkt. No. 4 at 2-3.

> "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman,* 2004 WL 78091, at \*1 (2004 D. Conn.) (citing *Devose,* at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ( "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." ).

*Candelaria*, 2006 WL 618576, at \*3.  In other words, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**.  *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at \*4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief because the allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of

16

his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

This portion of Phelan's request for injunctive relief is not related to the allegations contained in his Complaint and therefore could be denied on this basis alone.  In any event, Phelan's request for unlimited free copies of legal documents and unlimited access to legal resources is wholly without merit. Despite being granted *in forma pauperis* status, a party is still required to pay for copies of documents needed to prosecute his action.  *See* 28 U.S.C. § 1915; Local Rule 5.4 (a) ("The granting of an *in forma pauperis* application shall not relieve a party of the obligation to pay all other fees for which that party is responsible regarding the action, including but not limited to copying and/or witness fees."); *Williams v. Coughlin et al.*, No. 95-CV-1737, slip op. at 2-3 (May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not included among the delineated expenses for which the Court can direct payment. Moreover, an order granting a plaintiff the right to proceed in forma pauperis does not entitle that plaintiff to free copies of documents in the record.") (citation omitted).  Additionally, the Constitution does not require unlimited and unrestricted access to a law library at the demand of a prisoner. Prison officials may impose reasonable restrictions on the use of a prison law library. *See*

17

*Morello v. James,* 810 F.2d 344, 347 (2d Cir.1987) (exercise of right of access to courts may be "shaped and guided by the state but cannot be obstructed"); *Jermosen v. Coughlin,* No. 89 Civ. 1866, 1995 WL 144155, at *4 (S.D.N.Y. Mar. 30, 1995) ("Interferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right.").

**D.     Conclusion**

For the reasons set forth above, Phelan's request for injunctive relief is **denied**.

WHEREFORE, it is hereby

ORDERED that Phelan's *In Forma Pauperis* Application (Dkt. No. 2) is **GRANTED**; and it is further

ORDERED that the Clerk provide the Superintendent of the facility designated by Phelan as his current location with a copy of Phelan's authorization form, and notify the official that this action has been filed and that Phelan is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

ORDERED that the Clerk of the Court shall provide a copy of Phelan's authorization form to the Financial Deputy of the Clerk's Office; and it is further

ORDERED that R. Regan is dismissed as a defendant **without prejudice**;

and it is further

ORDERED that Phelan's claims of harassment are dismissed **without prejudice**; and it is further

ORDERED that Phelan shall advise the Court in writing, **within thirty (30) days** of the filing date of this Order, whether he waives **for all times** all claims in this action relating to the loss of good time credits arising from the April 24, 2009 disciplinary hearing conducted by defendant Fletcher in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement arising from that hearing.  The Court specifically advises Phelan that if he fails to notify the Court of his decision **within thirty days**, the Court will follow option number 2, above, and Phelan's due process claims against defendant Fletcher with respect to that hearing will be dismissed **without prejudice**; and it is further

ORDERED that, upon Phelan's full compliance with this Decision and Order, **or**, if at the expiration of thirty days Phelan has not complied with the terms of this Decision and Order, the Clerk shall return the file to the Court for further review; and it is further

ORDERED that Phelan's motion for injunctive relief (Dkt. No. 4) is **DENIED**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on Phelan in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:   January 20, 2010

_____
United States District Court Judge