UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH J. PHELAN,

                      Plaintiff,

      v.
                                             9:10-CV-0011
                                             (GLS)(RFT)

HERSH, C.O. Mt. McGregor Correctional Facility;
*et al.*,

                      Defendants.
_____

APPEARANCES:

KENNETH J. PHELAN
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

# DECISION and ORDER

I.    **Background**

      Plaintiff Kenneth J. Phelan, who is currently incarcerated at Five Points Correctional Facility, commenced this action by filing a civil rights Complaint alleging, among other things, that defendants retaliated against him for filing grievances and complaints, denied him mental health treatment in deliberate indifference to his serious medical needs, denied him due process, discriminated against him on account of his disability, harassed him, issued him false misbehavior reports, and denied him the right to file grievances in violation of his constitutional rights. Dkt. No. 1.

By Decision and Order filed on January 20, 2010 ("January Order"), the Court (1) granted Phelan's *in forma pauperis* application; (2) dismissed Phelan's claims of harassment without prejudice; and (3) dismissed defendants Regan and Ramond. Dkt. No. 5. In the January Order, the Court also concluded that some of Phelan's claims implicated the validity of his disciplinary conviction and sentence because he was subjected to "mixed sanctions"[1] as a result of the disciplinary hearing conducted by defendant Fletcher on April 24, 2009.[2] Dkt. No. 5 at 8-9. Furthermore, since Phelan had not demonstrated that his loss of good time credits as a result of the April 24, 2009 hearing had been invalidated, the Court advised that any claims arising from that hearing were barred by the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), unless he was "willing to forever forego a challenge to the loss of good time arising from the April 24, 2009 disciplinary hearing conducted by defendant Fletcher [so that he could] proceed with his due process challenge to the SHU confinement and the loss of privileges arising from that hearing." Dkt. No. 5 at 8-9; *see also Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). The Court afforded Phelan thirty days within which to advise the Court in writing whether he wished to

---

[1] A sentence containing mixed sanctions is one in which the inmate is confined in SHU or loses privileges, <u>and also loses good time</u>.

[2] This hearing originally began on April 17, 2009 but was adjourned until April 24, 2009. Dkt. No. 1 at ¶¶ 19 and 21.

waive his due process claims challenging the loss of good time credits. Dkt. No. 5 at 19. Phelan thereafter moved to reconsider the January order on various grounds. Dkt. No. 10. By Decision and Order filed July 20, 2010, the Court granted the motion for reconsideration to the extent of re-instating Regan and Ramond as defendants, but otherwise denied the motion. Dkt. No. 22.

Currently before the Court is Phelan's submission concerning his request to waive some of his claims. Dkt. No. 23. Phelan has also submitted an Amended Complaint. Dkt. No. 24.

## II.   Waiver of Good Time Claims

Phelan has advised the Court in writing that he "waive[s his] challenge to loss of good time" and wishes to proceed with his remaining claims. Dkt. No. 25. Based upon this waiver, the Court dismisses all claims set forth in the Complaint relating to the loss of good time credits arising from the April 24, 2009 disciplinary hearing and directs service of the Complaint upon all of the defendants with respect to Phelan's remaining claims.

## III.   Amended Complaint

Phelan has also filed an amended complaint. Dkt. No. 24. The Amended Complaint is identical to the original complaint in all respects but one. *Compare* Dkt. No. 1 *with* Dkt. No. 24. In the Amended Complaint, Phelan has asserted an additional claim against defendant Haggett, namely that defendant Haggett

is responsible for inadequate conditions of confinement at Mt. McGregor Correctional Facility which violate Phelan's Eighth Amendment right to be free from cruel and unusual punishment. Dkt. No. 24 at 6, 38. However, Phelan has asserted the same claim against defendant Haggett in another action now pending in this District. *See Phelan v. Durniak* ("Phelan II"), 9:10-CV-0666 (FJS/RFT), Dkt. No. 1. The Complaint in Phelan II was filed before Phelan submitted the Amended Complaint in this action.

    The Court is required by statute to review, and to dismiss, any pleading filed *in forma pauperis* if the Court determines that the pleading fails to state a claim upon which relief would be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii); see also 28 U.S.C. § 1915A. The Court will therefore review the Amended Complaint. When conducting such a review, the Court may consider whether the claims asserted by the plaintiff are duplicative of claims asserted in another action against the same defendants. It is well-settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to

foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).[3] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir. 1991). The district court has broad discretion in determining whether an action should be dismissed as duplicative, and the exercise of this power is reviewed by the Court of Appeals for abuse of discretion. *Lopez v. Ferguson*, 361 Fed. App'x. 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class); *Flemming v. Wurzberger*, 322 Fed. App'x. 69, 71 (2d Cir. 2009); *Curtis*, 226 F.3d at 138.

In managing the litigation in its court, there are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis*, 226 F.3d at 138. As the Second Circuit recognized in *Curtis*, "[o]f course, simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain

---

[3] The Second Circuit has affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 Fed. App'x. 26, 28 (2d Cir. 2001).

two actions on the same subject in the same court, against the same defendant at the same time." *Id*. at 138-39 (*citing Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*)).

    Moreover, the dismissal of an action as duplicative has been found on several occasions to fall within the ambit of the court's power to dismiss a complaint which is frivolous or malicious pursuant to Section 1915(e). *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915(e)); *Buckenberger v. Reed*, Civ. No. 10-856, 2010 WL 1552672, *1 (E.D. La. Mar. 16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell*, 09-00466, 2010 WL 653798, *2-*3 (S.D.Ala. Feb. 18, 2010) (action dismissed because claims were duplicative of those in another pending action); *Williams v. Bunn*, 06-CV-0466, 2007 WL 1703816, *2 (W.D.N.Y. Jun. 7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow*, 06- CV-12814, 2006 WL 2160934, *1 (E.D.Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative");

*Blake v. Bentsen*, 95 CV 2227, 1995 WL 428694, *2 (E.D.N.Y. Jul. 11, 1995) (directing dismissal of repetitious litigation as abusive and malicious); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (citation omitted).

Although no precise test has been articulated for determining whether actions are duplicative, *see, e.g., Colorado River,* 424 U.S. at 817, the general rule which has emerged is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. Thus, "[c]ourts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn*, 2006 WL 2160934, *3; *see I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

Upon review, and with due regard to Phelan's status as *pro se* litigant, the Court finds that the claim that he wishes to assert against defendant Haggett in this action is clearly duplicative of a claim or claims asserted against defendant Haggett in Phelan II. Accordingly, the Court will not allow Phelan to amend his complaint in this action to add the duplicative claim against Haggett. The Court will therefore direct the Clerk to strike Phelan's amended complaint (Dkt. No.

24) from the docket. The original complaint (Dkt. No. 1) remains the operative pleading.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED** that all claims set forth in the Complaint relating to the loss of good time credits arising from the April 24, 2009 disciplinary hearing conducted by defendant Fletcher are **DISMISSED**; and it is further

**ORDERED** that upon receipt from Phelan of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the named Defendants.  The Clerk shall forward a copy of the summons and Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to Phelan's Complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

**ORDERED** that the Clerk is directed to strike the Amended Complaint (Dkt. No. 24) from the docket for the reasons set forth above; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse,

New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Phelan must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Phelan is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to so may result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on Phelan.

IT IS SO ORDERED.

Dated:    October 28,  2010

*[signature: Gary L. Sharpe]*
United States District Court Judge

9