**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH J. PHELAN,**

                    **Plaintiff,**               **9:10-cv-11**
                                                  **(GLS/RFT)**

          **v.**

**HERSH et al.,**

                    **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Kenneth J. Phelan
Pro Se
09-A-1183
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

**FOR THE DEFENDANTS**
HON. ERIC T. SCHNEIDERMAN          ADRIENNE J. KERWIN
New York State Attorney General    Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff _pro se_ Kenneth J. Phelan brings this action under 42 U.S.C.

§ 1983, alleging his constitutional rights were violated by defendants.  (*See* Compl., Dkt. No. 1.)  In a Report-Recommendation and Order (R&R) filed September 13, 2011, Magistrate Judge Randolph F. Treece recommended that defendants' motion to dismiss be granted in part and denied in part.[1] (*See generally* R&R, Dkt. No. 63.)  Pending are Phelan's objections to the R&R.  (*See* Dkt. No. 68.)  For the reasons that follow, the R&R is adopted in its entirety.

## II. <u>Standard of Review</u>

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo.  See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.*

---

[1]  The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

## III.  **Discussion**

Phelan's "objections" consist of factual statements which were either not alleged in his Complaint, or already considered by Judge Treece.  (*See* Dkt. No. 68 at 1-5.)  As Phelan is well aware—given the fact that he has filed nineteen lawsuits in this district alone—the sufficiency of a complaint is judged by the factual allegations contained therein.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (The court's review is limited to the "four corners of the complaint . . .").  Thus, Phelan's attempt to cure the deficiencies in his Complaint are unavailing.  More importantly though, Phelan's "objections" are insufficient to require a *de novo* review as there is no reference to a perceived error by Judge Treece.  Having found no clear error in the R&R, the court accepts and adopts Judge Treece's R&R in its entirety.

## IV.  **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's September 13, 2011 Report-Recommendation and Order (Dkt. No. 63) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 55) is

**DENIED** in part with respect to the following:

    (1)    the retaliation claims against defendants Hersh and Thomas, relating to their cell search on April 2, 2009;

    (2)    the retaliation claims against defendants Thomas and Scott, relating to misbehavior reports issued pursuant to the April 2, 2009 cell search; and

    (3)    the Eighth Amendment excessive force claims against defendant Micheals, relating to striking Phelan in the head several times; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 55) is **GRANTED** without prejudice as to all of the other claims against defendants; and it is further

**ORDERED** that in accordance with the Mandate of the United States Court of Appeals for the Second Circuit (*see* 9:10-cv-12, Dkt. No. 25), this case is consolidated with Case No. 9:10-cv-12; and it is further

**ORDERED** that 9:10-cv-11 shall be the lead case and 9:10-cv-12 shall be the member case; and it is further

**ORDERED** that Magistrate Judge Treece shall, in accordance with the Second Circuit's Mandate, appoint counsel; and it is further

4

**ORDERED** that the parties shall contact Magistrate Judge Treece to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

December 5, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge